UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Elena Katz *et al.*

    v.                                    Civil No. 10-cv-410-JL

Brian McVeigh *et al.*


**PROCEDURAL ORDER**

The plaintiffs, Elena Katz and Arnold Grodman, have filed a motion to amend their complaint (document no. 67) to add claims on behalf of their incapacitated adult daughter, Eleonora Grodman. The plaintiffs also ask to be appointed as Eleonora's "next friends" so they may assert those claims on her behalf. See Fed. R. Civ. P. 17(c)(2). Certain defendants filed an objection to this relief, arguing, inter alia, that a series of decisions by New Hampshire state courts rejecting the plaintiffs' claims for guardianship over Eleonora in favor of the New Hampshire Division of Children, Youth and Families had established that the plaintiffs were not appropriate next friends for Eleonora.

These defendants have since filed a "Notice of Partial Withdrawal" of their objection insofar as it argues that the plaintiffs lack guardianship over Elenora, because the Probate Division of the New Hampshire Circuit Court recently appointed Arnold Grodman as Eleonora's guardian. In re Grodman, No. 316-2009-GI-1289 (N.H. Cir. Ct. Prob. Div. July 7, 2011). But the

defendants also stated that "for the other and additional reasons stated in the objection the amendment and request to be appointed as next friend are still improper and should be denied."

The Probate Division's order appointed Arnold Grodman as only "guardian of the person" of Elenora.  See id.  Under New Hampshire law, a "guardian of the person" has limited rights and duties, which do not include bringing suits on the ward's behalf, see N.H. Rev. Stat. Ann. § 464-A:25, I(a)-(h).  The right and duty "to prosecute or defend actions, claims or proceedings" belongs to a "guardian of the estate," id. § 464-A:26, I, but Arnold Grodman has not been appointed to that role.  So the only way Arnold Grodman (or Elena Katz) can maintain claims in this action on Eleonora's behalf is for this court to appoint one or both of them next friends under Rule 17(c).  See Sam M. ex rel. Elliot v. Carcieri, 608 F.3d 77, 87-89 (1st Cir. 2010).

"Next Friend capacity is not lightly granted to any individual who petitions a federal court to pursue an action on behalf of another."  Id. at 90.  To the contrary, "a Next Friend should comply with 'two firm prerequisites':  (1) an adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action, and (2) a showing that the Next Friend is 'truly dedicated to the best interests of the person the Next Friend seeks to represent.'"  Id. (quoting Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)).  There is no

2

doubt as to the existence of the first element--Eleonora has been deemed incapacitated by the Probate Division--but the plaintiffs' motion and supporting memorandum do not address the second element. While the defendants pointed out this shortcoming in their objection, their "Notice of Withdrawal" is unclear as to whether they believe it has been overcome by the intervening Probate Division order. In this court's view, at least, that order does not speak to Arnold Grodman's suitability for next friend status in this case, which depends on, among other things, his "familiarity with the litigation, the reasons that move [him] to pursue the litigation, and [his] ability to pursue the case on [Eleonora's] behalf." Id. at 92.

Accordingly, this court will conduct an evidentiary hearing on the plaintiffs' motion for appointment as Eleonora's next friends at which these and other factors bearing on whether they are "truly dedicated to [her] best interests" will be considered. Grodman and Katz shall appear at the hearing with counsel of record. Any defendant who opposes the plaintiffs' appointment as Eleonora's next friends shall also appear at the hearing through counsel. Any defendant who does not oppose that relief, however, need not appear at the hearing, through counsel or otherwise, but shall so advise the court by telephone call to the Deputy Clerk within ten days of the date of this order. The hearing shall commence at **2:00 p.m.** on **August 22, 2011.**

Following the hearing, the court will rule on the plaintiffs' request for appointment as Eleonora's next friends, and will proceed to rule on their motion to amend their complaint to add claims on her behalf, taking the remaining arguments in the defendants' objection into account. Accordingly, the deadline for filing motions to dismiss or answers established by this court's prior order are stayed; a new deadline will be established following the ruling on the motion to amend. The motion by certain defendants to extend that deadline (document no. 77) is therefore DENIED as moot.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 2, 2011

cc: Francis J. McDonough, Jr., Esq.
    Louis A. Piccone, Esq.
    Rebecca L. Woodard, Esq.
    Nancy J. Smith, Esq.
    Brian J.S. Cullen, Esq.
    Donald L. Smith, Esq.
    Paul B. Kleinman, Esq.
    Charles P. Bauer, Esq.
    Corey M. Belobrow, Esq.
    W. Daniel Dean, Esq.
    Evan C. Ouellette, Esq.
    Raquel J. Webster, Esq.
    Lisa M. Lee, Esq.
    Michael A. Pignatelli, Esq.