UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Elena Katz *et al.*

   v.                                                          Civil No. 10-cv-410-JL

Brian McVeigh *et al.*


**PROCEDURAL ORDER**

On August 22, 2011, this court convened an evidentiary hearing on the plaintiffs' motion seeking their appointment as next friends for their incapacitated adult daughter, Eleonora Grodman, and leave to amend their complaint to add claims on her behalf (document no. 67). At the hearing, however, the plaintiffs assented to the denial of that motion as moot, after they agreed with the defendants on a particular third person who would be suitable to serve as Eleonora's next friend instead, and that the next friend, when appointed, would decide whether and how to introduce any claims Eleonora had into this case.

That person declined to seek appointment to that role, so the court asked the parties to agree on another suitable candidate--then asked them to do so a third time when the second candidate also declined to seek appointment. See Orders of Sept. 9, 2011 (docket no. 87), Sept. 23, 2011 (docket no. 92). The parties then agreed on a third candidate, but he declined to seek appointment as well. The parties are free to seek other mutually

agreeable candidates, or to make other proposals, but litigation of the plaintiffs' claims shall proceed in the meantime.

Toward that end, on October 26, 2011, this court conducted a status conference. Counsel for all defendants appeared in person, and counsel for the plaintiffs, Francis J. McDonough, Jr., appeared telephonically during an off-the-record portion of the proceeding. At the conference, the court announced a schedule for the submission and briefing of motions to dismiss or for judgment on the pleadings, see Fed. R. Civ. P. 12(b), (c). Several of the defendants had filed such motions, but they were denied without prejudice when the plaintiffs were granted leave to file their first amended complaint. See Order of Apr. 14, 2011 (document no. 46). That schedule is as follows:

- the defendants shall file their motions to dismiss or for judgment on the pleadings, as the case may be, each together with a supporting memorandum not to exceed 25 pages, by **December 1, 2011;**

- the plaintiffs shall file a **single memorandum** in objection to any and all such motions, not to exceed 50 pages, by **January 3, 2012;**

- the defendants may, but are not required to, file reply memoranda to the plaintiffs' objection, each not to exceed 15 pages, and limited to the issues raised in the objection, by **January 10, 2012;** and

- the plaintiffs may, but are not required to, file a **single** sur-reply memorandum, not to exceed 15 pages and limited to the issues raised in the replies, by **January 17, 2012.**

The defendants shall make every reasonable effort to avoid the repetition of arguments by consolidating them into a single memorandum where possible.

Also present during the entirety of the proceedings on October 26 was another attorney, Louis A. Piccone, who had previously been admitted to represent the plaintiffs in this matter pro hac vice, <u>see</u> Order of Nov. 30, 2010, but had then sought and been granted leave to withdraw due to the administrative suspension of his license to practice law in Pennsylvania, the sole jurisdiction in which he is admitted.  <u>See</u> Order of Sept. 19, 2011 (granting document no. 88).

The day before the conference, Piccone filed a "Notice of Appearance," stating that the administrative suspension had been lifted and his license reinstated (document no. 97).  Before the end of the day, certain of the defendants had filed an "objection" to the notice, arguing that, having withdrawn, Piccone could not simply re-appear, but needed to seek pro hac vice status again, and that this relief would not be appropriate in light of, <u>inter alia</u>, one federal district court's denial of Piccone's pro hac vice admission there, and another's finding him in contempt in an unrelated case.  Based on the objection (which was joined in, at the hearing, by all other defendants) this court STRIKES Piccone's notice of appearance (document no. 97).

If Piccone wishes to act as counsel of record in this matter, he must seek admission pro hac vice again.  See L.R. 83.2(a).

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:  October 28, 2011

cc:   Francis J. McDonough, Jr., Esq.
      Louis A. Piccone, Esq.
      Rebecca L. Woodard, Esq.
      Nancy J. Smith, Esq.
      Brian J.S. Cullen, Esq.
      Donald L. Smith, Esq.
      Paul B. Kleinman, Esq.
      Charles P. Bauer, Esq.
      Corey M. Belobrow, Esq.
      W. Daniel Deane, Esq.
      Raquel D. Ruano, Esq.
      Raquel J. Webster, Esq.
      Lisa M. Lee, Esq.
      Adam B. Pignatelli, Esq.
      Michael A. Pignatelli, Esq.