UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Elena Katz
and Arnold Grodman

    v.                                                Civil No. 10-cv-410-JL

Brian McVeigh, *et al.*

**SUMMARY ORDER**

    Francis J. McDonough, a member of the bar of this court, has moved for the admission pro hac vice of Louis M. Piccone, an attorney licensed to practice in Pennsylvania, to represent the plaintiffs, Elena Katz and Arnold Grodman, in this federal civil rights action.  See L.R. 83.2(b).  While this court routinely grants motions for admission pro hac vice, this one is unusual in that (1) Piccone had previously been admitted to appear pro hac vice in this action, but was later allowed to withdraw after his license to practice in Pennsylvania was suspended, and (2) now that Piccone has moved for re-admission, following the reinstatement of his Pennsylvania license, nearly all of the defendants have objected, alleging his "past misconduct, serious misunderstanding of appropriate practices, inappropriate behavior and a repeated pattern of litigation conduct designed to hinder litigation and waste judicial and attorney resources."

    Specifically, the defendants point out that:

    • Piccone was initially denied admission to the bar of
    the United States Patent and Trademark Office due to a
    lack of candor in his application, though he was later
    admitted when the USPTO's commissioner reversed that

decision by granting an internal appeal, see Piccone v. Moatz, 136 F. Supp. 2d 525, 526-27 (E.D. Va. 2001) (dismissing Piccone's suit for damages arising out of USPTO's delay in acting on the appeal), aff'd, 25 Fed. Appx. 950 (Fed. Cir. 2001);

• Piccone was fined for contempt by a federal district court in New York for failing to file submissions and appear at conferences as ordered, Nolan v. Primagency, Inc., No. 07-134, 2008 WL 650387, at *2-*3 (S.D.N.Y. Mar. 3, 2008); the court later dismissed the action with prejudice as a sanction for Piccone's failure to comply with any of the filing requirements set forth in the contempt order, Nolan v. Primagency, Inc., No. 07-134, 2008 WL 1758644, at *5 (S.D.N.Y. Apr. 15, 2008);

• another federal district judge, in the District of Massachusetts, referred Piccone to that state's Board of Bar Overseers for his "unorthodox efforts" to represent a party pro hac vice there, Babeu v. Linker, No. 09-30045 (D. Mass. Apr. 24, 2009);

• a federal magistrate judge in the District of Massachusetts observed that Piccone was "playing fast and loose with [that] court's rules" by "aiding [a party's] case without admission in [that] jurisdiction," Hohn v. Burke, No. 09-30143 (D. Mass. Aug. 28, 2009), slip op. at 3;

• the same magistrate judge subsequently denied Piccone pro hac vice admission in a different case, finding that he had been engaged in the unauthorized practice of law in Massachusetts, that his conduct in that court had been "frequently inappropriate and unprofessional," and that he had "engaged in a pattern of behavior which not only purposefully skirted [that court's] authority but, as well, wasted judicial resources and potentially harmed litigants," Pease v. Burns, 679 F. Supp. 2d 161, 165 (D. Mass. 2010);

• another judge of this court dismissed a case involving the same plaintiffs and some of the same defendants as this one after no proof of timely service or motion for Piccone's pro hac vice admission had been filed, despite "ample time" to do so, Katz v. McVeigh, No. 10-178 (D.N.H. Sept. 29, 2010) (Barbadoro, J.);

- another federal district court, in Illinois, ordered that it would accept no further filings from Piccone in a case after he had filed a complaint on behalf of the plaintiff "pending admission pro hac vice" but then ignored the court's repeated requests to comply with its requirements for admission and electronic filing, Hankins v. Burton, No. 11-408 (C.D. Ill. Aug. 29, 2011); and

- the Rockingham County Superior Court, in this state, removed Piccone from his role as counsel to Grodman in a criminal case there, finding that Piccone "does not have the capacity to understand [that] Court's clear pretrial orders or he has elected to violate them . . . . [I]t is clear that he cannot provide Mr. Grodman with a competent defense," New Hampshire v. Grodman, Nos. 09-2511, 10-469 (N.H. Super. Ct. Aug. 25, 2011), slip op. at 4, though the court later reinstated Piccone on Grodman's pro se motion for reconsideration, New Hampshire v. Grodman, Nos. 09-2511, 10-469 (N.H. Super. Ct. Oct. 24, 2011), slip. op. 2.

"Any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion."  L.R. 83.2(b).[1]  Thus, in this court, as in many other federal district courts, "'the decision on whether

---

[1] During the off-the-record portion of an earlier conference in this case, Piccone suggested that, because he had been previously admitted pro hac vice in this action--before any of the defendants had been served, and also before Local Rule 83.2(b) was amended to require a pro hac vice application to include "a statement disclosing and explaining any prior denials or revocations of pro hac vice status in any court"--he was not required to seek pro hac vice admission again following his withdrawal and, for that reason, had simply filed a notice of appearance in this action once his Pennsylvania license had been restored.  The court disagreed and, for that reason, struck Piccone's notice of appearance and ordered him to seek pro hac vice admission again if he wished to act as counsel.  Order of Oct. 28, 2011.  Piccone has done so.

3

to grant pro hac vice status to an out-of-state attorney is purely discretionary.'" Roma Constr. Co. v. aRusso, 96 F.3d 566, 576-77 (1st Cir. 1996) (quoting Frazier v. Heebe, 482 U.S. 641, 651 n.13 (1987)).  In exercising this discretion, a court may "consider the effect of the attorney's past actions (especially past ethical violations) on the administration of justice within the court," even if they are not "of the frequency or nature whereby the attorney could face disbarment proceedings." Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989).  Such actions may include those demonstrating "a serious lack of understanding regarding appropriate practice," as well as "behavior resulting in reprimands and wasted judicial time." Kampitch v. Lach, 405 F. Supp. 2d 210, 215-16 (D.R.I. 2005) (quotation marks and ellipse omitted).

Piccone's prior conduct, both in this proceeding and the others cited by the defendants, readily lends itself to that characterization.  In a number of those other proceedings, Piccone simply ignored the court's orders directing him to make filings or take some other action--in some cases, repeatedly. Many of these failures were completely unexplained (at least based on anything discernable from the orders or dockets in those cases) and all of them required the court in question to expend resources unnecessarily.  Moreover, Piccone has engaged in similar conduct in this proceeding, to similar effect:

4

- on September 20, 2010, this court ordered that a motion for Piccone's admission pro hac vice be filed within 30 days.  Order of Sept. 20, 2010.  After more than 40 days had passed and nothing had been filed, however, this court, sua sponte, continued the deadline.  Order of Nov. 2, 2010;

- though this action was commenced on September 17, 2010, nothing had been filed to indicate that any defendant had been served--nor had any summons been requested for that purpose--as of December 22, 2010.  Thus, the court sua sponte notified plaintiffs that the case would be dismissed on January 18, 2011--120 days after filing, see Fed. R. Civ. P. 4(m)--if they did not file proof of service by that date.  Order of Dec. 22, 2010.

- on March 3, 2011, this court notified the plaintiffs that their motion to amend their complaint did not comply with the Local Rules because it lacked a certificate of service, see L.R. 5.1(d), and ordered them to file one.  Order of Mar. 3, 2011.  Nearly 20 days later, plaintiffs had yet to do so, causing the court to withdraw the motion sua sponte.  Order of Mar. 22, 2011.

- after the plaintiffs filed a new motion to amend, this court entered a procedural order granting it and imposing a schedule for briefing on motions to dismiss "in light of the fact that the amended complaint names a number of additional defendants" who had yet to be served.  Order of Apr. 14, 2011.  In response, some of the defendants filed an "emergency motion to clarify" that order, and the court ordered the plaintiffs to file their objection, if any, by April 27, 2011.  Order of Apr. 22, 2011.  When that day passed without any such objection, the court granted the motion as unopposed. Order of Apr. 29, 2011.  However, the plaintiffs had filed an objection to the motion around 11:30 p.m. on April 28, 2011--untimely, and without any explanation.  This necessitated yet another order on the emergency motion.  Order of May 3, 2011.

- the court subsequently scheduled an evidentiary hearing, for Monday, August 22, 2011, on the plaintiffs' request for appointment as "next friends" of their incapacitated adult daughter so they could

5

>    include claims on her behalf in this action.  Order of
>    Aug. 2, 2011.  The order specifically directed both
>    Katz and Grodman to appear at the hearing.  Id.  Around
>    6 p.m. on Friday, August 19, 2011, however, plaintiffs
>    filed a motion to excuse Katz from appearing--timing
>    which the court deemed "inappropriate under the
>    circumstances" in denying the motion for that, and
>    other, reasons.  Order of Aug. 22, 2011.

Based on these deficiencies, as well as his like deficiencies in the other cases described supra, the court finds that Piccone "has engaged in a pattern of behavior that has resulted in the wasting of judicial resources" and, as such, makes his admission pro hac vice inappropriate.  Kampitch, 405 F. Supp. 2d at 217; see also Erbacci, Cerone, & Moriarty v. United States, 923 F. Supp. 482, 485-86 (S.D.N.Y. 1996) (denying pro hac vice admission to counsel whose actions provided no "reasonable assurance that such attorney is familiar with" the court's rules and practices).

   This conclusion draws further support from Piccone's persistent failure to explain or justify his demonstrated inability to comply with court orders and deadlines.  Piccone did not provide any contemporaneous explanation for any of the missed or untimely filings in this case, and does not provide one now.

   In fact, though the motion to admit Piccone pro hac vice is accompanied by a lengthy memorandum, it is devoted almost entirely to a collateral attack on Judge Neiman's finding in the Pease case that Piccone had been engaged in the unauthorized practice of law in Massachusetts (a finding which was never

6

appealed).  The motion argues that, while Piccone was never admitted to the Massachusetts bar, all of the conduct which Judge Neiman characterized as the unauthorized practice of law in that jurisdiction--not only in connection with the Pease case, but also in connection with the Babeu and Hohn cases, supra--was in fact authorized as an out-of-state attorney's provision of legal services "on a temporary basis" as contemplated by Rule 5.5(c) of the Massachusetts Rules of Professional Conduct.  But Judge Neiman specifically ruled to the contrary in denying Piccone pro hac vice admission in Pease, 679 F. Supp. 2d at 167-68, and, while this court has little reason to doubt that conclusion, it is not essential to this court's finding that Piccone is unsuitable for pro hac vice admission in this case.  Again, a court can deny pro hac vice admission to an attorney based on his prior conduct even if it would not warrant "disbarment proceedings."  Panzardi-Alvarez, 879 F.2d at 980.

    Indeed, even if the findings adverse to Piccone in all of the proceedings in Massachusetts are ignored, the record still shows, at a minimum, that (1) he was held in contempt by a federal district court in New York for failing to make filings and appearances as ordered, and his client's case was dismissed with prejudice when Piccone failed to purge his contempt as ordered, (2) he failed to arrange for service of process or the filing of a pro hac vice motion on behalf of the plaintiffs here

in their case before Judge Barbadoro, which was then dismissed, (3) he likewise failed to respond to orders to make a proper appearance in a case before a federal district court in Illinois, (4) the Rockingham County Superior Court found that Piccone either lacked "the capacity to understand [that] Court's clear pretrial orders or he ha[d] elected to violate them," and temporarily disqualified him from defending Grodman in a criminal case there, and (5) most importantly, he has failed to comply with a number of orders directing him to make filings in this case.  Again, the motion to admit Piccone pro hac vice does not acknowledge--let alone provide any explanation for--any of these problems (with one exception, and this court finds that explanation wanting).[2]

---

[2]A footnote in the motion for Piccone's pro hac vice admission states that the "issues arising" in the case in New York "occurred while he was literally unable to attend that litigation," apparently because he was jailed or under house arrest in Massachusetts on "facially bogus charges" of interference with custody, abuse and neglect, and contempt of court (all of which were ultimately dismissed).  The footnote states that Piccone "explained these circumstances to the [New York] Court both before [its] decision and afterwards to no avail."  In fact, the New York court specifically noted that, while it was "sympathetic to [Piccone's] personal issues," they did "not alleviate [his] duties to the Court and his client," particularly because Piccone "made no showing that he was unable to contact the court during the time that he was preoccupied with personal matters," and "[a] simple letter to the court explaining his plight could have resulted in" relief from the court-imposed deadlines.  Nolan, 2008 WL 1758644, at *5.

The motion for Piccone's pro hac vice admission also argues that "[t]his court has an obligation to the community to admit attorneys like [him] who will agree to represent clients who have unpopular causes," quoting Judge Friendly's observation that "in instances where the federal claim or defense is unpopular, advice and assistance by an out-of-state lawyer may be the only means available for vindication." Spanos v. Skouras Theatres Corp., 364 F.2d 161, 170 (2d Cir. 1966) (en banc).  But that observation is inapt here, where the plaintiffs have secured New Hampshire counsel, McDonough, to appear on their behalf in this case. Furthermore, by McDonough's own account, the plaintiffs had previously hired "a number of previous attorneys" to represent them in this matter but then "dismissed" them, apparently of the plaintiffs' own accord.  So, despite the motion's suggestion to the contrary, Piccone is hardly the only lawyer who has been willing to take on the plaintiffs' case.  And even if he were, no degree of willingness to take on unpopular litigation can substitute for the basic willingness, and ability, to comply with court rules and orders which is essential to admission pro hac vice.[3]  The motion to admit Piccone pro hac vice[4] is DENIED.

---

[3]The motion to admit Piccone pro hac vice simply assumes that litigation against the New Hampshire Department of Children, Youth, and Families or its employees is "unpopular" based on the motion's account (which is itself unverified and internally inconsistent in some respects) of Piccone's difficulties in finding Massachusetts-based counsel to sponsor his pro hac vice

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 20, 2012

cc:  Francis J. McDonough, Jr., Esq.
     Louis A. Piccone, Esq.
     Rebecca L. Woodard, Esq.
     Nancy J. Smith, Esq.
     Brian J.S. Cullen, Esq.
     Adam B. Pignatelli, Esq.
     Michael A. Pignatelli, Esq.
     Charles P. Bauer, Esq.
     Corey M. Belobrow, Esq.
     W. Daniel Deane, Esq.
     Raquel D. Ruano, Esq.
     Raquel J. Webster, Esq.
     Lisa M. Lee, Esq.

---

admissions on behalf of plaintiffs suing similar agencies in that jurisdiction. Again, though, the plaintiffs here have experienced no such difficulty in finding counsel to represent them in this case.

[4] Document no. 104.